# IN THE COURT OF APPEALS OF TENNESSEE
# AT KNOXVILLE
## October 7, 2014 Session

## TOMMY WILLIAMS, ET AL. v. ADRIAN ARMITAGE, ET AL.

### Appeal from the Chancery Court for Rhea County
### No. 10377    Jeffrey F. Stewart, Chancellor

### No. E2014-01479-COA-R3-CV-FILED-OCTOBER 7, 2014

This is an appeal from an order resolving the claim for damages made by the appellee, Tommy Williams, in the Original Complaint. However, the order did not resolve the counterclaim filed by the appellant, Adrian A. Armitage, and Albert L. Armitrage. Because the order appealed from does not resolve all claims raised in the proceedings below, we dismiss this appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, JOHN W. MCCLARTY, AND THOMAS R. FRIERSON, II, JJ.

J. Arnold Fitzgerald, Dayton, Tennessee, for the appellant.

Carol Ann Barron, Dayton, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

Upon review of the record for this appeal, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because there is not "a final judgment adjudicating all the claims, rights, and liabilities of the parties" from which an appeal as of right would lie. Tenn. R. App. P. 3(a). The Court also directed the appellant

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to clarify whether Albert L. Armitage should be made a party to this appeal as he was allowed to intervene in the action below after he joined in the filing of the counterclaim by the appellant. In response to the show cause order, counsel for the appellant filed a motion asking this Court to "remand" the case to the trial court for resolution of the matters still pending below. Counsel acknowledged in the motion that there has been no ruling on the counterclaim and admitted "that all matters in the case are not final." Counsel also stated that Albert L. Armitage is not a party to this appeal because the counterclaim to which he is a party remains unresolved by the trial court.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In Re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). As such, we cannot "remand" this case to the trial court as counsel for the appellant requests.

Because this Court lacks jurisdiction to consider this appeal, the appellant's motion requesting this Court to "remand" this case to the trial court for further proceedings is DENIED and the case is DISMISSED. Costs on appeal are taxed to the appellant, Adrian A. Armitage, and his surety, for which execution may issue if necessary.

**PER CURIAM**